UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Senior Judge Haley

NELLIE R. HALE

MEMORANDUM OPINION*

v.      Record No. 0483-13-3                                          PER CURIAM
                                                                     AUGUST 20, 2013

RUSSELL COUNTY DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Michael L. Moore, Judge

(David R. Tiller; Tiller & Tiller, P.C., on brief), for appellant.

(A. Benton Chafin, Jr.; Bruce H. Russell, II, Guardian *ad litem* for
the minor child; Chafin Law Firm, P.C., on brief), for appellee.


Nellie R. Hale (mother) appeals from a February 14, 2013 circuit court order terminating

her residual parental rights to her child pursuant to Code § 16.1-283(C)(2).  On appeal, mother

argues the trial court erred by terminating her parental rights because the evidence was

insufficient "to prove that [she], without good cause, was unwilling or unable within a reasonable

period of time from the date the child was placed into foster care to remedy substantially the

conditions which led to or required continuation of the child's foster care placement."

Upon reviewing the record and briefs of the parties, we conclude this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Background

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in

the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (quoting Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)).

The Department obtained custody of mother's then seven-year-old child on April 28, 2011 because of the child's continued truancy and the persistent presence of head lice. The child had previously been in the Department's custody a few years earlier for a period of approximately ten months.

Beginning in April 2011, the Department offered mother various services including parenting classes, drug screens, pest control services, and supervised visits. However, after the child was still in the Department's custody fifteen months later, the Department sought to terminate mother's residual parental rights.

At the termination hearing, the trial court heard evidence regarding mother's inability to remedy the conditions which led to the child's removal. While the child was in the Department's custody, the Department learned the child had been sexually abused by mother's former boyfriend. The Department determined mother had committed a level three violation for physical neglect and inadequate supervision. After having temporarily terminated visitation pending the investigation, the Department instructed mother that a number of people whom she allowed in her residence would need to be barred from the home before the child could be returned. Mother was also advised she would need to clean her residence before the supervised visitations could resume. Despite repeated instructions from the Department, mother continued to allow various people to stay at her residence.

Stephanie Traverse, the child's foster care worker, testified that mother's adult daughter and a number of that daughter's friends were consistently at the residence. The adult daughter

and the others were known to the Department and were acknowledged to have drug problems as well as pending felony charges.

Analysis

When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

A court may terminate parental rights if the court finds upon clear and convincing evidence:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Code § 16.1-283(C)(2).

> [S]ubsection C termination decisions hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes. Considerably more "retrospective in nature," subsection C requires the court to determine whether the parent has been unwilling or unable to remedy the problems during the period in which he has been offered rehabilitation services.

Toms, 46 Va. App. at 271, 616 S.E.2d at 772 (quoting City of Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 562-63, 580 S.E.2d 463, 466 (2003)).

The trial court specifically noted that "despite being told by the Department of Social Services and her in-home worker and other people, . . . mother has continued to allow inappropriate, if not dangerous, people to continue to come into her home, repeatedly." The court emphasized that "[t]hey cannot and should not be around children." Noting the "child is entitled to some permanency in her li[f]e, some finality of this process," the court concluded mother had failed to remedy the situation within a reasonable period of time.

The record supports the trial court's conclusions. We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" Helen W. v. Fairfax Cnty. Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Dep't of Pub. Welfare of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)). However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). At the time of the termination hearing, the child had already been in foster care for well over twelve months.

The trial court did not abuse its discretion in terminating mother's parental rights under Code § 16.1-283(C)(2). Clear and convincing evidence proved that termination of mother's parental rights in the child's best interests. Mother was unwilling or unable to remedy the conditions that led to the child's placement in foster care by failing to maintain safe, stable, and adequate housing for the child. "'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Winfield v. Urquhart, 25

Va. App. 688, 695-96, 492 S.E.2d 464, 467 (1997) (quoting <u>Linkous v. Kingery</u>, 10 Va. App. 45, 46, 390 S.E.2d 188, 194 (1990)).

    For the reasons stated above, we summarily affirm the decision terminating mother's parental rights. <u>See</u> Rule 5A:27.

<u>Affirmed.</u>